# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**SHIRLEY J. RATCLIFF-SYKES**                                         **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:11-cv-712-CWR-LRA**

**MISSISSIPPI REGIONAL HOUSING**                                     **DEFENDANT**
**AUTHORITY VI**

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Mississippi Regional Housing Authority VI ("MRHA VI")'s second motion to dismiss, Docket No. 11, and its motion to strike, Docket No. 28. Having reviewed the pleadings and the submissions of the parties, and the relevant legal authorities, the Court rules that these motions are GRANTED.

### I. Factual and Procedural History

Plaintiff Shirley J. Ratcliff-Sykes ("Ratcliff-Sykes") worked as MRHA VI's Assistant Executive Director between April 2010 and June 2011. During her employment, Ratcliff-Sykes reported directly to Dr. Hickman Johnson ("Johnson"), MRHA VI's executive director who also acted as her immediate supervisor. Ratcliff-Sykes, who was 42 when she was hired, alleges that Johnson resented her because he believed that "she was hired for her age." She says that Johnson "expressed anger" toward her because of his alleged belief that MRHA VI's Board preferred her over Johnson, who the Board commented appeared "sickly and would drop dead." As a result, Ratcliff-Sykes alleges that she was subjected to "systematic discrimination by the Defendant based on [her] age," while working under Johnson's supervision. Her employment with MRHA VI was terminated in June 2011.

On November 18, 2011, Ratcliff-Sykes filed suit in this Court under the Age Discrimination in Employment Act (ADEA). 29 U.S.C.A. § 623 (West 2012). MRHA VI has

now filed its second motion to dismiss, alleging lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. MRHA VI has also filed a motion to strike an extraneous brief that Plaintiff filed without leave of the Court. This Court has jurisdiction and the matter is ready for review.

## II. Preliminary Matter

As a preliminary matter, the Court rules on MRHA VI's motion to strike. On June 6, 2012, Ratcliff-Sykes filed a brief responding to MRHA VI's reply regarding its second motion to dismiss. Docket No. 24. Leave of court is required to file a sur-rebuttal of this nature, and a party who fails to do so runs the risk that it will not be considered by this Court. *See Nelson v. Miss.*, 1:10-cv-509, 2011 WL 5036001, at *1 (S.D. Miss. Oct. 21, 2011) (holding that "the Court was not obligated to consider [sur-rebuttal filed without leave of Court] under either the Federal Rules of Civil Procedure or the Local Uniform Civil Rules"). In this case, Plaintiff's sur-rebuttal merely repeats arguments made in her response; it will not be considered for the purposes of this ruling. Therefore, MRHA VI's motion strike is granted.

## III. Standards of Review

*A. Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The Court first considers a jurisdictional challenge under Rule 12(b)(1). *McCasland v. City of Castroville*, 478 F. App'x 860 (5th Cir. 2012). "A trial court may find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The party asserting jurisdiction bears the burden of proof. *Id.*

*B. Motion to Dismiss for Failure to State a Claim*

In reviewing a 12(b)(6) motion to dismiss, the Court must "accept[] all well-pleaded facts as true" and "view[] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citations omitted). "However, we are 'not bound to accept as true a legal conclusion couched as factual allegation.'" *Wolcott*, 635 F.3d at 763 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "The plaintiff must plead 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*

## IV. Law and Analysis

*A. Subject Matter Jurisdiction*

The Court first considers MRHA VI's argument that this Court lacks jurisdiction because Ratcliff-Sykes failed to allege that she is a member of the protected class, as a person over 40 years old, and because she also failed to "attach a copy of the EEOC charge or determination letter" to her complaint. But, Ratcliff-Sykes's initial pleading addresses these two points. The complaint plainly alleges "Plaintiff was 42 at the time the time of hire." Docket No. 1, at 2. Moreover, a copy of Ratcliff-Sykes's EEOC Dismissal and Notice of Rights was filed alongside her complaint. Docket No. 1-2. Ratcliff-Sykes has satisfied the jurisdictional requirements; this matter is properly before the Court.

MRHA VI also asserts that Ratcliff-Sykes's state law claims are barred because she has failed to exhaust administrative remedies, and that it is otherwise immune from suit for those claims. The Court finds that Ratcliff-Sykes has not raised any state law claims in this lawsuit.[1]

*B. Stating a Claim under the ADEA*

---

[1] The Court, however, acknowledges that Ratcliff-Sykes asserts in passing in her memorandum opposing this motion to dismiss that MRHA VI's Board was "negligent." Docket No. 19 at 3. As Defendant is a governmental entity, *see* Miss. Code Ann. § 11-46-1 (West 2012), to the extent that Plaintiff claims any violation of Mississippi tort law, she must first prove that she has filed a notice of claim with the chief executive officer of the governmental entity. Miss. Code. Ann. §§ 11-46-7, 11-46-11 (West 2012). Plaintiff has failed to provide the requisite proof in this case.

3

The Court next considers MRHA VI's Rule 12(b)(6) motion. To survive this motion, Ratcliff-Sykes must plead facts sufficient to state a plausible claim for relief. To establish her claim of age discrimination under the ADEA, the plaintiff must show:

> [1] that she is a member of a protected class, [2] she was qualified for the position that she held, [3] she was discharged, and . . . [4] that she was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of her age.

*Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999) (citations and internal quote marks omitted). In this case, Ratcliff-Johnson has failed to plead facts that would establish the fourth element of her claim.

The Supreme Court holds that discrimination "because of age," as outlawed under the ADEA, does not forbid an employer's discriminatory preference favoring the old over the young. *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 584 (2004). Instead, "the text, structure, and history point to the ADEA . . . leaving complaints of the relatively young outside the statutory concern." *Id.* at 593; *see also id.* at 591 (the ADEA is concerned with "protect[ing] a relatively old worker from discrimination that works to the advantage of the relatively young."); *Ramon v. Cont'l Airlines Inc.*, 153 F. App'x 257, 260 n.2 (5th Cir. 2005) ("Discrimination in favor of older members of the ADEA protected class is not a violation of the statute.").

The Court finds that Ratcliff-Sykes's claim is based on the same "reverse age discrimination" theory that was barred in *Cline*. 540 U.S. at 585. Her complaint, which references her supervisor's "sickly" appearance as a proxy for his old age, only alleges that MRHA VI discriminated against her for no reason other than her youthfulness. Even if the Court accepts all of Ratcliff-Sykes's allegations as truth, she has nevertheless failed to state a cognizable claim. As a matter of law, the fact that she was singled-out or otherwise mistreated

4

because of her relative youthfulness does not amount to unlawful discrimination under the ADEA. Accordingly, her case will be dismissed.

## V. Conclusion

For the foregoing reasons, MRHA VI's motions are GRANTED. A final judgment will be entered dismissing this case with prejudice as to all parties.

**SO ORDERED**, this the 30th day of November, 2012.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE